IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-1240-W |
| | ) |
| ERIC FRANKLIN, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Glen Folsom, is a state inmate who seeks a writ of habeas corpus. The petition should be denied.

BACKGROUND

Mr. Folsom was convicted in state court on two counts of robbery with a firearm, two counts of kidnapping, one count of rape by instrumentality, one count of attempted rape, one count of sexual battery, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm after a former felony conviction. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 (Dec. 2, 2005) ("Petition").

He appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Summary Opinion, *Folsom v. State*, Case No. F-2003-263 (Okla. Crim. App. Aug. 2, 2004)

("OCCA Opinion on Direct Appeal"). After an unsuccessful application for post-conviction relief,[1] Mr. Folsom again appealed and the OCCA affirmed.[2]

The present action followed.

## STANDARD FOR HABEAS RELIEF

The applicable standard turns on whether the OCCA has addressed the merits of the claim. If not, the federal district court exercises its independent judgment on the claim. *See*, *e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002). If the OCCA did rule on the merits, the federal district court has a "secondary and limited" role. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998). In these circumstances, habeas relief is available only if the state court had "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." *Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002).

---

[1] *See* Order Denying Application for Post Conviction Relief, *State v. Folsom*, Case No. CF-02-327 (Pott. Co. Dist. Ct. July 22, 2005).

[2] Order Denying Request for Post Conviction Relief and Declining Jurisdiction of Requests for Writ of Mandamus at pp. 3-7, *Folsom v. Combs*, Case No. PC-2005-766 (Okla. Crim. App. Oct. 14, 2005).

COMPETENCY AND SELF-REPRESENTATION
GROUNDS ONE AND TWO

In his first and second grounds for relief, Mr. Folsom faults the trial court for: (1) allowing him to proceed *pro se* at trial without inquiry into his competency, and (2) refusing to hold a competency hearing before sentencing.  Petition at pp. 5-7.  Liberally construed,[3] the allegations also suggest that Mr. Folsom had not been competent during his trial.[4]

I.      Waiver of Counsel

According to Mr. Folsom, his disclosure of a history of mental health treatment required further questioning.  *Id.* at pp. 6-7.  The Petitioner explains that additional inquiry would have led to discovery of his paranoid schizophrenia and bipolar disorder, creating doubt about his ability to appear *pro se*.  *Id.* at p. 7.

The OCCA rejected this theory, concluding that "the record as a whole [had] demonstrate[d] [Mr. Folsom] was competent to proceed *pro se* at trial, and [that] the trial court [had] made appropriate inquiries to make that determination."  OCCA Opinion on Direct Appeal at p. 3 (citation omitted).  This finding constituted a reasonable application of federal law.

A criminal defendant enjoys a constitutional right to waive counsel and represent himself at trial.  *See Faretta v. California*, 422 U.S. 806, 817 (1975).  But the waiver of counsel must be made "'knowingly and intelligently.'"  *Id.* at 835 (citation omitted).

---

[3]     *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

[4]     *See* Petition at pp. 5-7.

Before trial, Mr. Folsom indicated a desire to waive the right to counsel. Transcript of Jury Trial Proceedings, Vol. I at pp. 5-6, *State v. Folsom*, Case No. CF-2002-327 (Pott. Co. Dist. Ct. Jan. 21, 2003) ("Jury Trial Transcript"). The trial court conducted a lengthy examination, warning Mr. Folsom of the dangers of self-representation and questioning him about his understanding of the charges, the trial, and possible punishment. *Id.* at pp. 8-17. The warning and inquiry satisfied the constitutional requirements.

A similar issue appeared in *Baca v. Udall*, 51 F.3d 285, 1995 WL 135658 (10th Cir. Mar. 27, 1995) (unpublished op.). There the petitioner alleged that the trial judge had been aware of a previous psychiatric hospitalization. *See Baca v. Udall*, 1995 WL 135658, Westlaw op. at 1, 4. According to Mr. Baca, this knowledge created a duty for the judge to "conduct a penetrating and comprehensive examination of . . . mental incompetency" before allowing waiver of the right to counsel. *See id.*, Westlaw op. at 4.

The Tenth Circuit Court of Appeals acknowledged that the state court had failed to "fully discuss these issues" with the petitioner. *Id.*, Westlaw op. at 5. However, the federal appellate court noted that "the record as a whole indicate[d] that Baca [had] understood his right to counsel and that he [had] knowingly and intelligently waived counsel." *Id.* The record reflected that the petitioner had a tenth grade education and had represented himself in prior legal proceedings. *See id.*

Although unpublished, *Baca v. Udall* is persuasive. *See* Tenth Cir. R. 36.3(B). Like the evidence there, the present record reflects a knowing and intelligent waiver of the right

to counsel. Through an extensive examination, the judge learned that the Petitioner had represented himself in a previous legal case[5] and had an eleventh grade education with a GED certificate.[6] The Petitioner articulated his understanding of the charges against him, the possible penalties, and the disadvantages of self-representation. Jury Trial Transcript, Vol. I at pp. 8-17. Finally, Mr. Folsom stated that his prior need for mental health treatment would not affect his ability to represent himself. *Id.* at p. 14. Under *Baca v. Udall*, this record permitted the OCCA to reasonably conclude that Mr. Folsom had knowingly and intelligently waived his right to counsel.

II.     Competency

Mr. Folsom challenges the state trial court's competency determination on procedural and substantive grounds. *See supra* p. 3. Both challenges should be rejected.

    A.     Entitlement to Procedural and Substantive Due Process

Competency claims can be based on substantive or procedural due process. *See Walker v. Attorney General*, 167 F.3d 1339, 1343 (10th Cir. 1999). "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001) (*en banc*) (citation omitted).

---

[5]     Jury Trial Transcript, Vol. I at p. 8.

[6]     Jury Trial Transcript, Vol. I at p. 13.

B.  Procedural Due Process

According to Mr. Folsom, the trial court improperly refused to hold a competency hearing.  *See supra* p. 3.  The federal district court should reject this claim.

Competency for trial creates a factual question, and "[a] state court's factual finding of competency is presumed correct." *Bryson v. Ward*, 187 F.3d at 1201 (citing 28 U.S.C. § 2254(e)(1) (2000)).  To rebut the presumption, Mr. Folsom must present clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1) (2000); *Bryson v. Ward*, 187 F.3d at 1201.  "A federal court may not issue a writ of habeas corpus unless the state courts' competency decisions were based on an unreasonable determination of the facts in light of the evidence." *Bryson v. Ward*, 187 F.3d at 1201 (citation omitted); *see* 28 U.S.C. § 2254(d)(2) (2000).

The federal court must apply the habeas standard in light of Oklahoma law.  When competency is at issue, state law requires the "trial court [to] hold[] a threshold hearing to determine whether to order a competency examination of a defendant by a medical expert." *Bryson v. Ward*, 187 F.3d 1193, 1200 (10th Cir. 1999); *see* Okla. Stat. tit. 22, § 1175.3(A)-(B) (Supp. 2005).[7]  In the initial proceeding, "[t]he defendant must make a threshold showing of his incompetency." *Bryson v. Ward*, 187 F.3d at 1200.  The trial judge considers evidence of the "defendant's irrational behavior," "his courtroom demeanor," "and any medical opinion bearing on competency." *Id.* at 1201 (citing *Drope v. Missouri*, 420 U.S. 162

---

[7]   Okla. Stat. tit. 22, § 1175.3 has been amended since Mr. Folsom's conviction.  However, the amendments are immaterial to the outcome.

(1975)). The trial judge's "own observations of the defendant's comportment" can also suffice. *Id.*

In the absence of any doubt that the defendant is competent, the trial court must resume the criminal proceedings. *See* Okla. Stat. tit. 22, § 1175.3(C) (Supp. 2005); *Bryson v. Ward*, 187 F.3d at 1201. If doubt exists regarding the defendant's competency, the trial court must order an examination and may conduct a "full, post-examination competency proceeding." *Bryson v. Ward*, 187 F.3d at 1200 (citation omitted); *see* Okla. Stat. tit. 22, § 1175.4 (2001).

The trial court held a "threshold" hearing after the Petitioner had raised concerns about his competency. Transcript of Defendant's Motion for Competency Evaluation at pp. 749-74, *State v. Folsom*, Case No. CF-2002-327 (Pott. Co. Dist. Ct. Mar. 4, 2003) ("Competency Evaluation Transcript"). There the trial judge heard testimony from Mr. Folsom and three jailers. *See id.*, *passim*. Although the Petitioner claimed confusion, he coherently answered the questions. *See id.* at pp. 750-66. In doing so, Mr. Folsom acknowledged that he understood: (1) the role of his attorney,[8] (2) the definition of "incompeten[ce],"[9] (3) the criminality of shooting at someone,[10] (4) the definition of

---

[8] Competency Evaluation Transcript at p. 757.

[9] Competency Evaluation Transcript at p. 759.

[10] Competency Evaluation Transcript at pp. 760-61.

kidnapping as "hold[ing] somebody against their own will,"[11] and (5) the definition of "rape" as "[h]aving sex with somebody" against her will.[12] The Petitioner's responses also indicated that he understood, but disagreed with, the law preventing a felon from possessing a gun. *Id.* at p. 762.

> At the conclusion of the hearing, the trial court ruled:
>
> This has been an unusual case for me in that Mr. Folsom, at his insistence, has represented himself throughout. So as a consequence, I have had the opportunity to see him and to hear him beyond what would have occurred had you been represented by a lawyer. There is absolutely no doubt in my mind that he is competent within the meaning of the law. I think that what has been presented here is . . . an effort to delay the efforts of justice, and it will not be permitted.

*Id.* at p. 775.

The record supported the trial judge's finding that no doubt existed regarding Mr. Folsom's competency. This determination was presumptively correct, and the Petitioner has not provided clear and convincing evidence to the contrary. *See supra* p. 6. Thus, the trial court had no constitutional duty to order a medical examination or to conduct a full competency hearing. *See supra* pp. 6-7. Under these circumstances, the federal district court should reject Mr. Folsom's procedural due process claim.

    C.    <u>Substantive Due Process</u>

The Court should also reject the Petitioner's claim involving substantive due process.

---

[11]    Competency Evaluation Transcript at p. 761.

[12]    Competency Evaluation Transcript at pp. 761-62.

To prevail on this claim, the petitioner must "demonstrate by 'clear and convincing evidence' a 'real, substantial and legitimate doubt' as to his competence to stand trial." *Rogers v. Gibson*, 173 F.3d 1278, 1291 n.13 (10th Cir. 1999), *modified on other grounds*, *McGregor v. Gibson*, 248 F.3d 946, 953-54 (10th Cir. 2001) (*en banc*).

Because the trial judge found that no doubt existed regarding Mr. Folsom's competency,[13] habeas relief would be available only if he were to present clear and convincing evidence of his actual incompetency at the time of the guilt and sentencing stages. *See* 28 U.S.C. § 2254(e)(1) (2000). The Petitioner has not presented any such evidence. *See supra* p. 8. Thus, the Court cannot grant habeas relief based on a deprivation of substantive due process. *See Bryson v. Ward*, 187 F.3d 1193, 1204 (10th Cir. 1999).

SUFFICIENCY OF THE EVIDENCE
GROUNDS THREE AND FOUR

Mr. Folsom was convicted of two counts of robbery with a firearm and two counts of kidnapping. *See supra* p. 1. According to the Petitioner, the trial court lacked sufficient evidence to convict on multiple counts of robbery or either count of kidnapping. *See id.* These habeas claims are invalid.

I.     The Petitioner's Theories

According to the Information, the Petitioner robbed Ms. Patricia Bone and Ms. Carrie Huston "by wrongfully taking and carrying away money that belonged to [the women] and

---

[13]     *See supra* p. 8.

was in the possession of [both women] . . . using a firearm to threaten [the women] with harm . . . ." Jury Trial Transcript, Vol. I at pp. 117-18. According to the Petitioner, the evidence was insufficient to show the taking of money from these women. Petition at p. 8.

The Petitioner was also convicted on two counts of kidnapping. *See supra* p. 1. Mr. Folsom alleges insufficient evidence of an intent to "secretly confine" the victims. Petition at p. 10. According to the Petitioner, the evidence reflected only an intent to confine the women to "commit sexual acts." *Id.*

## II.     The OCCA's Conclusions

The OCCA disagreed on both issues, finding that "the State [had] presented sufficient evidence to prove each element" of kidnapping and robbery with a firearm. OCCA Opinion on Direct Appeal at p. 3.

## III.    The Test for Habeas Relief Based on Insufficient Evidence

When the sufficiency of evidence is challenged in a habeas action, the federal district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16 (citations omitted). Therefore, the Court must consider Oklahoma law in the consideration of this claim.

IV.   Evidence at Trial

At trial, Ms. Huston and Ms. Bone testified that they had been working the counter at "Moviestars" when the Petitioner approached with a gun. Jury Trial Transcript, Vol. II at pp. 402-404, 415, 417; Jury Trial Transcript, Vol. III at pp. 501-504, 507-509, 545.  After taking money from the register, Mr. Folsom told Ms. Huston and Ms. Bone: "Now we're going to go for a ride." Jury Trial Transcript, Vol. II at p. 422; *see also* Jury Trial Transcript, Vol. III at p. 514 (Ms. Bone's recollection that Mr. Folsom had said that "we were going to go on a little trip with him").  When the women hesitated, the Petitioner fired a gunshot. *See* Jury Trial Transcript, Vol. II at pp. 422, 465, 469, 472; Jury Trial Transcript, Vol. III at pp. 515, 546.  Before leaving the store, Mr. Folsom ordered Ms. Huston to "grab [the women's] purses." Jury Trial Transcript, Vol. III at pp. 515-16, 549; *see also* Jury Trial Transcript, Vol. II at p. 423 (Ms. Huston's recollection that Mr. Folsom had told both women to grab their purses).  According to Ms. Huston, the Petitioner intended to take their driver's licenses so that he could find the women if they reported his actions. Jury Trial Transcript, Vol. II at pp. 432-33, 477.  Thereafter, the Petitioner drove the women to a deserted area where he made them remove their clothing. *See* Jury Trial Transcript, Vol. II at pp. 436-39, 479; Jury Trial Transcript, Vol. III at pp. 524-27.  After the Petitioner initiated sexual contact with the women, Ms. Huston and Ms. Bone were able to escape. *See* Jury Trial Transcript, Vol. II at pp. 441-47; Jury Trial Transcript, Vol. III at pp. 534-38, 556.

V.   Robbery With a Firearm

The OCCA acted reasonably in holding that the jury had sufficient evidence to convict on both robbery counts.

"[T]he elements of Robbery with a [firearm] are: 1) wrongful; 2) taking; 3) of the personal property; 4) of another; 5) from another; 6) by force or fear; 7) through the use of a [firearm]." *Cummings v. Evans*, 161 F.3d 610, 614 n.1 (10th Cir. 1998) (citing Okla. Stat. tit. 21, §§ 791, 801).

Mr. Folsom admitted in state court that he had left the deserted area with the women's purses. Brief of Appellant at p. 17, *Folsom v. State*, Case No. F-2003-263 (Okla. Crim. App. Dec. 15, 2003) ("Petitioner's Direct Appeal Brief"). But he suggested that the two women had voluntarily left the items, arguing: "When [I] drove from the scene, [I] may have had the women's money in the car, but [I] had not used force to take the money from the women." *Id.* This theory rests on the incorrect presumption that the purses had been "taken" when he left the deserted church. But the fact-finder could have reasonably concluded that the purses had been "taken" from the women by force or fear from the "Moviestars" store.

Evidence existed that at the "Moviestars" store, Mr. Folsom brandished a gun, ordered the victims to accompany him to his car with their purses, and fired his weapon. *See supra* p. 11. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that: (1) Mr. Folsom induced the women to bring their property by force or fear, and (2) the women lost power over their personal property at that time. An

acquittal was not required by evidence that the women continued to carry their purses while in the vehicle. *See*, *e.g.*, *Webb v. State*, 732 P.2d 478, 479 (Okla. Crim. App. 1987) (the defendant was guilty of robbing a victim of her truck despite the fact that she remained inside until escaping, as the offense took place when the victim lost power over the vehicle).

VI.   Kidnapping

In challenging the kidnapping conviction, Mr. Folsom argues that "the evidence showed that the purpose of the alleged confinement was to commit sexual acts" rather than "to secretly confine the victims." Petition at p. 10; *see supra* p. 10. This argument is invalid.

The Petitioner's argument assumes that one cannot simultaneously intend to rape and secretly conceal a person. The assumption is invalid, as one can intend to do both. The prosecution's evidence indicated that Mr. Folsom had forced Ms. Huston and Ms. Bone into his car at gunpoint. *See supra* p. 11. As a matter of law, this evidence would support a finding of an intent to secretly confine the victims under Oklahoma's kidnapping statute. *See Pittser v. State*, 461 P.2d 1015, 1016 (Okla. Crim. App. 1969) ("this Court . . . has stated many times that forcing a person to ride in an automobile is sufficient to sustain a verdict of guilty for kidnapping").[14] Thus, the Petitioner's argument is facially invalid.

---

[14]   The federal district court is bound by this interpretation of Oklahoma law. *See Hawkins v. Mullin*, 291 F.3d 658, 662 (10th Cir. 2002) (stating in habeas proceedings that the "court is bound by the state court's interpretation of its own law" (citations omitted)).

PROCEDURAL BAR
GROUNDS FIVE AND SIX

In his fifth and sixth grounds for relief, Mr. Folsom alleges bias by the trial judge and perjury by Ms. Huston and Ms. Bone. Petition at pp. 12, 14. These claims were raised for the first time in Mr. Folsom's application for post-conviction relief. *See* Application for Post-Conviction Relife [sic] and/or Motion for New Trial/Motion to Vacate Judgment and Sentence and/or Request for Discovery and Evidentiary Hearing to Develop Newly Dicovered [sic] Evidence at pp. 10-11, 13-17, *Folsom v. Pottawatomie County*, Case No. CF-02-327 (Pott. Co. Dist. Ct. June 1, 2005) ("Mr. Folsom's Application for Post-Conviction Relief").[15] The Respondent correctly argues that these claims are procedurally barred.

I.    <u>Existence of an Independent and Adequate State Procedural Ground</u>

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[16] Two exceptions exist.

The first exception involves a showing of cause and prejudice related to the default. *See id.* "Cause" exists if Mr. Folsom could not comply with the procedural requirement

---

[15]    In the habeas petition, Mr. Folsom checked boxes indicating that these claims had been raised on direct appeal and in post-conviction proceedings. Petition at pp. 12, 14. But these claims were not raised in the direct appeal. *See* Petitioner's Direct Appeal Brief, *passim*.

[16]    "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). For the state ground to be adequate, it must be "strictly or regularly followed" and "applied evenhandedly to all similar claims." *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

because of an external impediment. *See id.* at 753. The second exception involves a fundamental miscarriage of justice. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). To invoke this exception, the Petitioner must "supplement[] his constitutional claim with a colorable showing of factual innocence." *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).

In the direct appeal, Mr. Folsom did not raise the claims concerning perjury and bias. As a result, the state courts found a waiver and declined to address the merits of the claims in post-conviction proceedings. *See* Order Denying Application for Post Conviction Relief at p. 2, *State v. Folsom*, Case No. CF-02-327 (Pott. Co. Dist. Ct. July 22, 2005); Order Denying Request for Post Conviction Relief and Declining Jurisdiction of Requests for Writ of Mandamus at pp. 3-6, *Folsom v. Combs*, Case No. PC-2005-766 (Okla. Crim. App. Oct. 14, 2005).

The waiver constitutes an independent and adequate state procedural ground barring federal habeas review. *See Dennis v. Poppel*, 222 F.3d 1245, 1250 (10th Cir. 2000) ("Oklahoma law denying post-conviction relief on defaulted claims that could have been raised on direct appeal provides an independent and adequate state ground permitting us to refuse to review such claims." (citation omitted)). Therefore, the procedural bar doctrine prevents review of the habeas claims unless Mr. Folsom can invoke an exception. He cannot.

II. <u>Cause and Prejudice</u>

Mr. Folsom does not identify any "cause" for his procedural default in state court. *See* Petition, *passim*; Mr. Folsom's Application for Post-Conviction Relief, *passim*. Accordingly, the Petitioner cannot avoid the procedural bar based on "cause and prejudice."[17]

The Petitioner does allege actual innocence. Mr. Folsom's Application for Post-Conviction Relief at pp. 3, 7. However, Mr. Folsom cannot overcome the procedural default based on a "fundamental miscarriage of justice."

To invoke this exception, Mr. Folsom must identify evidence that affirmatively demonstrates his innocence. "A criminal defendant is required to provide evidence that does more than simply 'undermine the finding of guilt against' him or her." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (citations omitted).

In state court, Mr. Folsom concentrated on alleged perjury and testimonial inconsistencies to show actual innocence. Mr. Folsom's Application for Post-Conviction Relief at pp. 6-12. But the jury heard the alleged inconsistencies, and the supposed perjury would not affirmatively demonstrate the Petitioner's innocence.[18] Thus, the Petitioner cannot overcome the procedural default based on a fundamental miscarriage of justice.

---

[17] Because Mr. Folsom failed to show "cause," the Court need not decide whether he has shown prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("The 'cause and prejudice' exception is conjunctive, requiring proof of both cause and prejudice.").

[18] Ms. Huston testified that Mr. Folsom had entered the "Moviestars" on the Monday before the crime. Jury Trial Transcript, Vol. II at pp. 491-93. The Petitioner claims to have a time card proving that he was at work on that day. Mr. Folsom's Application for Post-Conviction Relief at p. 6. The time card would not preclude commission of the crime, which took place on a later date.

Mr. Folsom failed to establish either "cause" or a "fundamental miscarriage of justice." Therefore, the Court should apply a procedural bar and decline to address the merits of the Petitioner's claims concerning perjury and judicial bias.

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should deny the petition for a writ of habeas corpus.

The Petitioner can object to this report and recommendation. To do so, Mr. Folsom must file an objection with the Clerk of this Court. The deadline for objections is May 20, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 28th day of April, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge